COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Overton


JAMES R. MILAM

MEMORANDUM OPINION*

v.    Record No. 1115-01-3                PER CURIAM
                                      AUGUST 28, 2001

CONSOLIDATION COAL COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(S. T. Mullins; Street Law Firm, on brief),
for appellant.

(Michael F. Blair; Lisa Frisina Clement;
PennStuart, on brief), for appellee.


James R. Milam (claimant) contends that the Workers'

Compensation Commission erred in finding that he failed to prove

he sustained an injury by accident arising out of and in the

course of his employment on January 24, 2000.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "In

order to carry [the] burden of proving an 'injury by accident,'

a claimant must prove that the cause of [the] injury was an

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989) (citations omitted). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's application, the commission found as follows:

> The testimony of Lee Blackburn and Edward Davidson confirms that the claimant's back injury occurred gradually throughout his shift on January 24, 2000. Each testified that the claimant described his backache as progressively worsening as he continued to shovel coal and rock. . . . The claimant in the present matter has presented no . . . credible evidence of a specific injury.
>
> The medical evidence supports this conclusion. Dr. [Jim C.] Brasfield took a thorough history from the claimant and noted the claimant's back tightened after the meal break. The pain worsened as he continued until he could shovel no more due to discomfort. While other doctors related the injury to an immediate onset of pain, their records do not indicate a complete history in which the claimant described frequent backaches when he shoveled, coupled with progressively worsening backache on January 24, 2000. We find Dr. Brasfield's examination notes to be more thorough and complete than those of Dr. [Tushar T.] Patel or Dr. [Syed A.] Zahir.
>
> The claimant adamantly denies ever speaking to Lee Blackburn regarding the

-

injury. If true, it is not clear how Blackburn would have such a detailed knowledge of the incident and injury. As the deputy commissioner did, we accord greater weight to the witness testimony and the records of Dr. Brasfield.

It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). As fact finder, the commission was entitled to accept the testimony of Blackburn and Davidson and to reject any contrary testimony of claimant. In addition, the commission was free to weigh the medical evidence and to give more probative weight to Dr. Brasfield's medical history than to that of Drs. Patel and Zahir. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

In light of the testimony of Blackburn and Davidson and Dr. Brasfield's medical history, we cannot find as a matter of law that claimant's evidence sustained his burden of proving that his injury was caused by a specific identifiable incident or sudden precipitating event occurring at work on January 24, 2000.

For these reasons, we affirm the commission's decision.

Affirmed.

-